UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SEAN HALL,

                              Petitioner,

        -against-

L. MARSHALL, Superintendent Wallkill
Correctional Facility,

                              Respondent.
---------------------------------------------------------------x
---------------------------------------------------------------x

SEAN HALL,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, THE N.Y.C. DEPT.
Of PROBATION; CYNTHIA R. WONG-
ORTIZ, ASSISTANT GENERAL COUNSEL
N.Y.C. DEPT. OF PROBATION; KINGS
COUNTY DISTRICT ATTORNEY'S OFFICE,
VICTOR P. BARALL, ASSISTANT DISTRICT
ATTORNEY; CYNTHIA LYNCH, ASSISTANT
ATTORNEY,

                              Defendants.
---------------------------------------------------------------x

MEMORANDUM & ORDER

No. CV-04-4953 (FB) (LB)

No. CV-05-0079 (FB) (LB)

*Appearances:*
*For the Petitioner:*
SEAN HALL, *Pro Se*
#99R6684
Wallkill Correctional Facility
Route 208, Box G
Wallkill, NY 12589-0286

*For the Respondent L. Marshall:*
ELIOT SPITZER
Attorney General of New York
ALYSON J. GILL
Assistant Attorney General
120 Broadway
New York, NY 10271

1

**BLOCK, District Judge:**

Sean Hall ("Hall"), proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on the ground that he was deprived of due process because the defendants refuse to correct erroneous information contained in his prison file that will be relied upon in hearings before the New York State Parole Board ("Parole Board"); in a separate action that has been consolidated with the *habeas* petition, he raises the same claim pursuant to 42 U.S.C. § 1983 against the City of New York; the New York City Department of Probation; Cynthia R. Wong-Ortiz ("Wong-Ortiz") in her individual capacity and her official capacity as the Assistant General Counsel of the New York City Department of Probation; Victor P. Barall ("Barall") in his individual capacity and his official capacity as Assistant District Attorney for Kings County; and Cynthia Lynch ("Lynch") in her individual capacity and her official capacity as Assistant District Attorney for Kings County.[1] Presently before the Court is a motion by Respondent L. Marshall ("Marshall"); he argues that the *habeas* petition should be dismissed as unexhausted or, in the alternative, denied on the merits. For the following reasons, the Court (1) construes Hall's *habeas* petition as a 1983 claim against Marshall, which moots Marshall's motion, (2) dismisses the claims against Barall and Lynch and (3) dismisses the claims for damages against Wong-Ortiz.

---

[1] Although the caption of the complaint does not specify the capacities in which the defendants are being sued, the body of the complaint notes that plaintiff is suing the defendants in both their "individual and [o]fficial capacities[,]" Compl. at 3; accordingly, the Court will treat the complaint as against the defendants in both of these capacities. *See Soto v. Schembri*, 960 F. Supp. 751, 755 (S.D.N.Y. 1997) (treating complaint as suing defendants in official capacities because body of complaint referred to defendants in their official capacities).

## A. *Habeas* Petition

In Hall's reply memorandum to Marshall's motion, he clarifies that his *habeas* petition "challenges the government's refusal to correct the inaccurate information" – not "the [Parole] Board's reliance upon the inaccurate information . . . ."; that is, he is not challenging an adverse parole decision. Hall's Reply Mem. of Law at 4. Accordingly, because he is not challenging "the fact or duration of custody," the Court construes Hall's *habeas* petition as a section 1983 claim, *Wilkinson v. Dotson*, 125 S. Ct. 1242,1245 (2005); *see also* 28 U.S.C. § 2241(c)(3); therefore, the Court need not address the grounds for dismissal raised in Marshall's motion, which are not relevant to a section 1983 claim.

Furthermore, because Marshall has not had an opportunity to respond to Hall's petition construed as a section 1983 claim, the Court will afford Marshall twenty days from the date of this Memorandum and Order to file an amended answer.

## B. Section 1983 Action

Although no motions have been made in regard to Hall's 1983 action, the Court has the authority to *sua sponte* review a prisoner's complaint in order to dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Pursuant to this authority, the Court dismisses Hall's claims for damages against the defendants in their official capacities because they are barred by the

3

Eleventh Amendment, *see Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (citing

*Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials

in their official capacity is considered to be a claim against the State and is therefore

barred by the Eleventh Amendment)); however, his claims for prospective injunctive

relief against the defendants in their official capacities are not barred by the Eleventh

Amendment and therefore are not dismissed. *See Dube v. State Univ. of New York*, 900

F.2d 587, 595 (2d Cir. 1990) ("On the other hand, a state official acting in his official

capacity may be sued in a federal forum to enjoin conduct that violates the federal

Constitution, notwithstanding the Eleventh Amendment bar.").

The Court also dismisses Hall's claims against Barall and Lynch because

prosecutors are absolutely immune from civil suits for acts committed within the scope

of their official duties where the challenged activities are "intimately associated with the

judicial phase of the criminal process . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976);

*see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity

extends to those acts, whether in or out of the courtroom, 'which occur in the course of

the [prosecutor's] role as an advocate for the State'" (internal citation omitted)).

Because Hall's claims against defendants Barall and Lynch center around their actions

during the "judicial phase of the criminal process," Hall's claims against them are

dismissed as they are absolutely immune. *See* 28 U.S.C. § 1915A(b)(2).

4

## CONCLUSION

Marshall's motion is denied without prejudice; Marshall shall file an amended answer within twenty days of the date of this Memorandum and Order. Furthermore, the Court *sua sponte* dismisses the claims against Barall and Lynch, and the claims for damages against Wong-Ortiz.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
December 14, 2005